IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LAWRENCE JOHNSON,

    Plaintiff,

v.                                                                 Case No. 2:16-cv-02211-MSN-tmp

MYRON L. BATTS. ET AL.,

    Defendants.

---

**ORDER DISMISSING CASE AGAINST GIBBONS FOR LACK OF PROSECUTION**

---

On April 1, 2016, Plaintiff Lawrence Johnson filed a *pro se* Complaint for Violation of Civil Rights Under § 1983 (ECF No. 1). On July 31, 2017, Plaintiff moved for Leave to Proceed *in forma pauperis*, (ECF No. 13). The Court granted this Motion and ordered process to be served on Defendants Edna Prince and FNU Gibbons. (ECF No. 16.) On May 15, 2019, Plaintiff returned summonses executed as to Defendant Gibbons and unexecuted as to Defendant Prince. (ECF Nos. 18, 19.) On July 20, 2020, the Court ordered Defendant Gibbons to file an answer or responsive pleading. (ECF No. 20.) The Court dismissed Defendant Prince for failure to effect service and lack of prosecution on August 4, 2020 and entered judgment the same day. (ECF Nos. 21, 22.) On September 21, 2021, the Court held a telephonic status conference because Defendant Gibbons had yet to respond to the Court's July 20, 2020 Order; neither party appeared. (ECF No. 24.) Later that day, the Court ordered Plaintiff to show cause within seven (7) days why the Complaint should not be dismissed for lack of prosecution; Plaintiff was informed that failure to timely respond would constitute grounds for dismissal of his Complaint on the merits under Federal Rule of Civil

Procedure 41(b).  (ECF No. 25.)  Plaintiff has not responded.

Because Plaintiff appears to have abandoned his claims against Defendant Gibbons, the Court sees no utility in attempting to fashion a lesser sanction with any likelihood of convincing him to move toward a final resolution of those claims.  *See Hines v. D&S Residential Servs.*, No. 14-1266, 2015 WL 9239007, at *3 (W.D. Tenn. Dec. 17, 2015).  Therefore, Plaintiff's claims are **DISMISSED WITH PREJUDICE** for failure to prosecute under Federal Rule of Civil Procedure 41(b).  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962) (holding that courts have the inherent authority to dismiss a case for lack of prosecution).

**IT IS SO ORDERED** this 29th day of September, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE